IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

TWYLA STALLWORTH and )
JERMARI MARSHALL, )
)
)
    Plaintiffs, )
) CIVIL ACTION NO.
    v. ) 2:24cv243-MHT
) (WO)
JOHN G. BARTON, in his )
individual capacity; and )
CITY OF ANDALUSIA, ALABAMA )
)
    Defendants. )

OPINION AND ORDER ON MOTIONS TO RECONSIDER

This case is before the court on motions to
reconsider filed by defendants John G. Barton and the
City of Andalusia and plaintiffs Twlya Stallworth and
Jermari Marshall.  The court previously found that
Officer Barton was entitled to qualified immunity on the
unlawful-arrest and excessive-force claims brought

against him, and the court accordingly granted summary judgment in his favor.  *See* Order and Opinion (Doc. 35).

Defendants request that the court "withdraw the original Opinion and Order and [] issue a new Opinion and Order that either removes or clarifies the Court's statement that 'the car alarm was never set off in Barton's presence.'" Defs.' Mot. for Recons. (Doc. 37) at 1.  In their view, this statement was immaterial to the federal claims at issue; was an incorrect interpretation of Alabama law; and overlooked the application of the collective-knowledge doctrine under Alabama law.  *See id.* at 2.  Plaintiffs request reconsideration because, "in alignment with the established legal principles in the state of Alabama and the precedents established by the Alabama Supreme Court, Barton lacked arguable probable cause to carry out a warrantless arrest of Stallworth for misdemeanor disorderly conduct, as the alleged offense did not

transpire in Barton's presence."  Pls.' Mot for Recons.
(Doc. 40) at 5.

For the following reasons, both motions are denied:

(1) The court made the statement at issue in the context of a summary-judgment opinion.  The court, therefore, read the evidence in the light most favorable to plaintiffs, the non-moving parties, and drew all reasonable factual inference in their favor.  This is the court's duty at the summary-judgment stage.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The statement at issue does not bind a future court in related litigation because it was only an inference drawn in plaintiffs' favor for the limited purpose of summary judgment.

(2) The court acknowledged in its opinion that Officer Barton maintains that "he had heard the car alarm when responding to another call

3

nearby" and "knew that another officer had been dispatched earlier in the day for a noise complaint against Stallworth due to her car alarm." Opinion and Order (Doc. 35) at 5 n.2.

(3) While defendants relied on the disorderly conduct statute, Ala. Code § 13A-11-7(a)(2), plaintiffs never contested its applicability on the ground now asserted, *see* Opinion and Order (Doc. 35) at 14-15 n. 6, and, in particular, the issue of "presence" in their briefing. The court, therefore, did not make an independent factual finding on whether the car alarm was actually set off in Barton's presence. Moreover, the plaintiffs' challenges in their motion to reconsider to the applicability of the "any crime" rule on the ground now asserted are untimely and should have been raised earlier.

(4) In any event, in light of the Alabama Supreme Court's recent decision in *Jennings v. Smith*, __

4

So. 3d \_\_, No. SC-2025-0372, 2026 WL 706449 (Ala. 2026), it now appears that 'arguable' probable cause existed to arrest Stallworth for her failure to produce her physical identification under Ala. Code § 15-5-30.  Under *Jennings,* this failure would have constituted "intentionally preventing [an] officer from performing a governmental function in violation of § 13A-10-2(a)(2)"  *Id.* at *5.

***\***\***\****

For the reasons discussed above, is ORDERED that defendants' motion to reconsider (Doc. 37) and plaintiffs' motion to reconsider (Doc. 40) are denied.

DONE, this the 30th day of March, 2026.

<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE

5